[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This is an action to modify custody of a minor child brought by the plaintiff father, Garland Guillory, of Pomfret in this judicial district. The defendant mother, Melanie Francks, resides in Florida. CT Page 2536
On July 19, 2001, a Florida court gave custody of the minor child of the plaintiff and defendant, Samantha Guillory, to the plaintiff, after the defendant consented to allegations [of neglect] contained in a Petition for Dependency. (Plaintiff's Exhibit 3) Father had removed to Connecticut with the child in late May 2001, based upon an earlier order of the Florida court dated May 9, 2001. (Plaintiff's Exhibit 2) Upon his return to Connecticut father began to register the foreign judgments and on December 5, 2001, he filed a motion to modify custody. On December 7, 2001, the same Florida court granted the defendant unsupervised contact with Samantha. (Defendant's Exhibit 3)
The defendant has filed a motion to dismiss based upon her claim that this court lacks subject matter jurisdiction. Additional facts will be found as necessary.
On July 19, 2001, when the most recent custody orders entered, Florida was the home state of Samantha who had been residing there continuously since July of 2000. Although she removed to Connecticut with the plaintiff in late May of 2001, Florida continued to exercise jurisdiction over her. A Department of Children and Families (DCF) study dated October 9, 2001 prepared for a judicial review scheduled for October 12, 2001, made recommendations that essentially preserved the status quo, i.e., Samantha was to remain with the plaintiff. (Defendant's Exhibit 2) Then on December 7, 2001, the court granted some unsupervised contact with Samantha to the defendant.
The defendant argues that Florida remains the home state of Samantha under the Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA). The plaintiff argues that the UCCJEA confers jurisdiction in Connecticut.
Under § 46b-115 (7) "`Home State' means the state in which a child lived with a parent or person acting as a parent for at least six consecutive months immediately before the commencement of a child custody proceeding. In the case of a child less than six months old, the term means the state in which the child lived from birth with any such parent or person acting as a parent. A period of temporary absence of any such person is counted as part of the period." (Emphasis added.)
The custody of Samantha was initially granted to the plaintiff when Florida was clearly her home state. By order of July 19, 2001, that custody arrangement continued. A DCF study of October 9, 2001 prepared for the Florida court recommended that temporary custody continue. The December 7, 2001 contact order modified the earlier order to provide for visitation for the defendant. CT Page 2537
The DCF study of October 9, 2001 indicates that Samantha was "dismissed" from the case by the order of July 19, 2001. The order itself does not indicate that any adjudication of the status of Samantha occurred.[1]
From the record before this court the court concludes that the Florida court continues to exercise jurisdiction in the case. The order of December 7, 2001 says that DCF shall continue supervision; the next Case Plan is due February 28, 2002. This court is convinced, based upon the continuing activity in the Florida court, that Samantha's presence here in Connecticut is due to a temporary custody order in favor of the plaintiff and thus pursuant to § 46b-115 (7) Florida remains the home state of Samantha.
The plaintiff asks this court to apply § 46b-115m (b) to the facts of this case in support of his claim that Connecticut may modify the child custody determination made in Florida. That section reads as follows:
 Section 46b-115m (b) Notwithstanding the provisions of this chapter, a court of this state may modify a child custody determination made by a court of another state if: (1) The child resides in this state with a parent; (2) the child has been, or is under a threat of being, abused or mistreated by a person who resides in the state which would have jurisdiction under the provisions of this chapter; and (3) the court of this state determines that it is in the child's best interest to modify the child custody determination.
From the facts previously found it is clear that Samantha is in Connecticut by reason of mother's admission of neglect. The first two requirements of § 46b-115m (b) are met. What is not so clear is the third requirement of § 46b-115m (b) that it is in the best interest of the child for this court to modify Florida's child custody determination in view of the ongoing year long investigation there involving the court and DCF. A review of the records made available to this court and marked as exhibits reveals a lengthy social study report prepared by DCF as recently as October 9, 2001 and at least three and possibly four in court reviews since the petition was filed on March 2, 2001. To date the best interests of the child appear to be well protected. This is not to say that there may not be good reason to modify custody or visitation as sought by the plaintiff. This is a jurisdictional finding only. Issues of custody and visitation pursuant to the UCCJEA and/or the Uniform Child Custody Jurisdiction Act (UCCJA) should be decided in Florida, not Connecticut. CT Page 2538
The motion to dismiss is granted.
____________________, J. Potter, J.